§ 98.31 Motion For Rehearing

In The Fourth Court of Appeals SAN ANTONIO, Texas

Otto Ray Kietzman, pro se

Appellant

V.

NO. 04-14-00432-CR

State of Texas

Appellee

Otto Ray Kietzman

Pro se

§ 98.31 Motion For Rehearing

IN THE COURT OF
AT SAN ANTONIO

FILED

2015 MAR -2 PM 12:

To the Honorable Court of Appeals

Comes Now the Appellant Otto Ray Kietzman, pro se, and moves the Court to set aside the judgement of affirmance rendered and entered herein on 23rd day of December 2014, and grant a rehearing of this Cause, for the following reasons, To Wit: This court lacked jurisdition over appeal, the records Contained no document to establish that the June 2, 2014, ruling was a ruling on the merits of appellant's application: The rendition was not in proper form: The Court of Appeals failed to carried over jurisdition issue that the court of appeals dismissed the wrong appeal: The Charging documents are Void: Was the Counsel on appeal ineffective:

The appellant that the Name of the opposing Counsel in this cause is Lauren A. Scott, and She resides Paul Elizondo Tower, Third Floor, 101 W. Nueva, San Antonio Tx 78205, there be No Counsel, and the residence of the opposite party, Otto Ray Kietzman, pro se, 200 N. Comal, San Antonio, Tx, 78207

(1.)

## Was the Appellant Counsel ineffective filing a Anders Brief

The Appellant, Contends his appellant Counsel was ineffective when filing the Anders Brief. In Anders, the saprem Court outlines an appellant Counsel's role as a advocate requiring "Counsel" support his client appeal to the best of his ability. Of course if Counsel finds his Case to be wholly frivolous, after a conscientious examination of it, he should advise the Court and request permission to withdraw. Anders 356, U.S. at 744, 87 S.Ct 1396. The Appellant Contends even after the court of appeal noted that they lack jurisdiction over this appeal, because in the record contained no document to establish that the June 2, 2014, ruling was ruling on the merits of Appellants application. Trial court Counsel laid out the appeal this Counsel Want to be a friend of the courts instead of Counsel for the appellant.

### Authorities

Ronald Douglas Smith v. State of Texas, 265 S.W. 3d 341, 2007

Strickland v. Washington, 466 U.S. 668 (1984)

Did the Court of Appeals err when they failed to address the fact that the trial court record contained no document to establish that the June 2, 2014, ruling was a ruling on the merits of appellant's application.

In the order of August 12, 2014, the Court of appeals state's on June 20, 2014, this court ordered the appellant to show cause why his appeal from the trial court's order dated June 2, 2014, should not be dismissed for lack of jurisdiction because the record contained no document to establish that the June 2, 2014, ruling was on the merits of appellant's application. It is the appellant contention that the Court of appeals erred issuing a opinion December 23, 2014, The courts of this state are not empowered to give advisory opinion, the prohibition extends to cases that are not ripe. A case is not ripe when it's resolution depends on situation which might or might not arise at a later date. District courts, or appeals courts under our constitution, do not give advise or decide cases upon speculative, hypothetical or contingent situation".

Authorities

State of Texas v. Soutchay Sanavongxay, 407. S.W. 3d 252 2012.
Wessely Energy Corp v. Jennings, 736 S.W. 2d 424, 628 (Tex. 1987)
United Serv Life Ins. Co. v. Delaney, 396 S.W. 2d 855, 859 (Tex. 1965).
Carmareaxa v. Texas Employment Comm'n, 754 S.W. 2d 149, 151 (Tex 1988).
Garland v. Louton, 691 S.W. 2d 603, 605 (Tex. 1985)
California Prod. Inc v. Puretex lemon Juice. 160 Tex. 586, 334 S.W. 2d 781, 783 (1960).

Did the appellate court err when they failed to address raised and carried over from the first appeal.

In the appellant's case on September 5, 2014, he filed a pro se motion to dismiss stating the court of appeals and the trial court lacked the jurisdiction entertain appeal 04-14-00432 nor the trial court signing of the new order signed June 2, 2014.

On September 10, 2014, The Fourth court of appeals issued an order as follows: On September 5, 2014, appellant filed a motion to dismiss which this court construes as appellant's prose brief, those issue's contained in the prose motion to Dismiss/Brief was never addressed by this court's memorandum opinion Signed December 23, 2014.

On October 1, 2014, appellant filed a letter requesting that this court issue findings of fact and conclusions of law addressing the merits of the jurisdiction issue. Because the jurisdictional issue was carried with the appeal, it will be considered when this court issues its opinion on the appeal. This court failed to review the Signing order on June 2, 2014. Authorities

Ikner v. State, 848 S.W. 2d 161 1993,

# Is the charging document clearly void

In the Appellant's case it appears that the extradition is sought as a means to collect a debt owed by the proposed-exraditee, by bringing the proposed-exraditee, into the jurisdiction of the demanding state. Here we must rely on record/rendition by the state of Alabama, SJIS case detail certified by Jody W. Campbell, Baldwin County Circuit Court Clerk, dated 1/9/014. Page 15, of the record "Enforcement: Amount Due, 1,813.75, due 4/1/2013, over/under paid: $0.00, Pre trial: Yes, Delinquent: Yes; Warrant mailer: Yes, Enforcement status: Active, Turn over date 6/28/2013. Now we must look at page 17, of the states rendition: 6/28/2013 Enforcement Placement Status Changed to: D, 8/5/2013 Set for failure to pay on 8/6/2013. Writ of arrest/Prob Revoc issued 8/6/2013. We must now look at the warrant in the states rendition, it's clear these charging documents are "void" and this extradition is sought as means to collect a debt.

It should not be unreasonable to look behind the face of the paper's supplied by the demanding state. Where it is necessary, as it is here, to determine not simply whether the instruments are sufficient to charge an offense in that state, but whether the threshold requirement that a crime has been substantially charged by means cognizable.

## Authorities

Art. 51.13 V.A.C.C.P., § 3

18 U.S.C.A. 3182

Ex Parte Wells, 108, (Tex. crim. App. 1927)

Ex Parte Hatfield, 90 (Tex. Crim. 293, 235 S.W. 591, 1921

Ex Parte McDaniel, 76 (Tex. Cr. R 184, 173 S.W. 1018, Ann cas. 1917 B, 335

City of San Antonio v. Teague, 54 s.w. 2d 566. (Tex. C.v. App. 1932)

Ex Parte Mason, 656 s.w. 2d 470 (Tex. crim. App. 1983.)

# Authorities

Ex Parte Castro, 115 (Tex. 77, 273 S.W. 795.)

Ex Parte Armstrong, 8 S.W.2d 674, 676, 110 (Tex. Crim 362, 365 Tex. Crim. App. June 28, 1928

Ex Parte Bergman, 60 Tex. Crim. Rep.

Ex Parte Cheatham, 50 Tex. Crim 53

Ex Parte Jowell, 223 S.W. 456

Ex Parte Haynes, 98 Tex. Crim. Rep.

Ex Parte Taylor, 690 S.W.2d 33, 35 (Tex. App. 1985)

Poucher V. State, 240 S.W. 2d 654, 655, 46 Ala. App. 272, 273 (Ala. Crim App. 1970)

94 A.L.R. 1993 (1935) HN: 1, 2, 6, 8, (S.W.)

81 A.L.R 552 (1932)

Am. Jur. 2d Extradition 138, Status, rights (2014) HN: 9 (S.W.)

CJS Extradition and Detainers 23, (2014) HN: 5, 9, (S.W.)

Texas Jurisprudence, Third Edition Criminal Procedures (s 13, 2014) HN: 1 (S.W.

Koontz V. Savely, 233 S.W. 540 (Tex. Civ. App. San Antonio 1921 (No. 6593)

Is the request for interstate rendition in proper form.

In the Appellant's case the rendition consist of a booking information sheet dated Booked in 04/10/2012, date released 2/22/2013. This booking sheet has a space where right index finger is to be placed when booked in. There is a space where right index finger is to be placed when released. No finger prints appear on said sheet. There is a space where the officer processing is to sign, and also a space where the person being booked in or out is to sign, Both spaces are blank there is nothing on this document that would prove that this is the Appellant, and it does not state what this individual was being booked for. page 10, clerk's record.

Also the rendition has a finger print card dated 5/26/2010 the charge Theft Aircraft / Boats Farm Equi page 12, clerk's record Also a Felony sentencing order, illegal possession of a credit card and a order of probation page 18, 19, 20 clerk's record.

A Alabama SJIS case detail stats on page 13 of the clerks record and ends on page 17, of the clerks record. The request for interstate rendition from the demanding state page 7, 9. The Affidavit by the District Attorney Hallie S. Dixon, page 7, was made before the Clerk of Circuit Court 9TH day of January 2014, The warrant page 9, dated August 6, 2013, for probation revocation signed by J. langford, Judge.

## Argument

The demanding state's warrant was not issued upon affidavit made before a magistrate, as required in order for governor to recognize demand for extradition. Where affidavit accompanying demanding was dated August 6, 2014, and affidavit made January 9TH 2014. Warrant was issued by Judge langford, there is no showing who it was executed before.

thus governor's warrant was not legally issued and ordering extradition was erroneous.

Authorities

Vernon's Ann. Texas. C.C.P. art 51.13 §§ 1 et seq. 3.

Ex Parte Blankenship, 651 S.W. 2d 430.

Ex Parte Nelson, 594 S.W. 2d 67, 68 (Tex. Cr. App. 1979)

Ex Parte Bunch, 519 S.W. 2d 653, 654 (Tex. Crim. App 1975)

Ex Parte Rosenthal, 515 S.W. 2d 114, 119 at N. 2 (Tex. Cr. App. 1974)

Ex Parte Peairs, 162 Tex. Cr. R 243, 283 S.W. 2d 775, on motion for Rehearing.

18 U.S.C.A. § 3182 (2000).

Did the Court of Appeals dismiss the wrong appeal and allowing a new appeal arising from the same trial court cause No. which has been assigned appeal No. 04-14-00432-CR. the Court of Appeal lacked jurisdiction to hear and determine said appeal.

On April 2, 2014, the Court of appeals issued a memorandum opinion: Cite as 2014 WL 1319387 (Tex. App. San Antonio: The clerk's records in this appeal has been filed. The record reflect that on January 10, 2014, appellant filed in the trial court a petition for Writ of Habeas Corpus. On Febuary 13, 2014, appellant filed a notice of appeal, complaining that the trial court had not held a hearing on his petition. Indeed there is no final order signed by the trial court in the clerk's record. It thus appeurs that this appeal is interlocutory and that we have no jurisdiction over this appeal.

The record reflect's their was two Habeas Corpus Appeals that bare the same trial Court cause number. see page 5, of the clerk's record is a Habeas Corpus Afflicted with disease, stamped filed by Donna Kay McKinney, by Angla Martinez January 10, 2014; see page 9, of the clerk's record Notice of Appeal filed Febuary 13, 2014. Page 10, of the clerk's record, Trial Courts Certification of Defendant's Rights of Appeal. Signed Andrew W. Carruthers, Febuary 18, 2014. The Habeas Corpus Seeking Relief From Extradition, hearing was held on March 14, 2014, see Page 28 of the clerk's records, notation by Andrew W. Carruthers. see page 32 of the clerks records, trial Courts Certification of defendant's Right of Appeal dated March 14, 2014, signed Andrew W. Carruthers.

It is the Appellant's Contention that No order or memoradum opinion handed down by the fourth Court of Appeal dismissing the appeal of Habeas Corpus Seeking Relief From Extradition.

The record is clear, a Extradition hearing was held on March 14, 2014, and their is no record showing the Court of Appeals dismissed said appeal.

## Argument

The jurisdiction of the appellate Court must be legally invoked, and if not the power... Not whether the appeal is precluded by law, but whether the appeal is authorized by law. The right to appeal in a criminal case is a statutorily created right. The new appeal that arised out of the dismissal of the Habeas Corpus filed January 10, 2014, and appealed February 13, 2014, which is 04-14-00432-CR is clearly not authorized by law. This court has no jurisdiction

## Authorities

Williams v. State, 3d 2014 WL 5100263 (Tex. App. Dallas.)
Olivo v. State, 918 S.W. 2d 519, 522 (Tex. Crim. App 1996.)
Blanton v. State, 396 S.W. 3d 894, 902 (Tex. Crim. App 2012.)
McKinney v. State, 207 S.W. 3d 366, 374 (Tex. Crim. App. 2006.)

Was the appellant denied a fair Extradition Hearing

Tex. Code. Crim. Proc Art. 51.13 § 2. States the governor found the documents met the necessary requisites and issued a governor's warrant. If the governor's warrant is regular on it's face, then the burden shifts to the accused to show the warrant was: (1.) Not legally issued; (2.) Not based on proper authority; or (3.) Contains inaccurate recitals. The Appellant would ask the court to look at the clerk's record, page 6, "Motion To Subpoena", In said motion the Appellant ask the court's to issue said subpoena for the purpose of challeging his extradition and defense. The Court never issued the Subpoena's.

The trial court denied the Appellant his right to put fourth evidence, depositions, affidavit, pursuant to Art 52.05 and Art 52.03, the appellant has been denied procedural protection.

Authorities

Graham v. Richardson, 403 U.S. 365, 403 U.S. 374 (1971.)

Joint Anti-Fascist Refugee Committee v. McGrath, 341, U.S. 123, 341 U.S. 168 (191).

Goldberg v. Kelly, 397 U.S. 254, 397 U.S. 263 (1970.)

Morrissey v. Brewer, 408 U.S. 471 (1972.)

Argument and Authorites in support of this motion for Rehearing are attached hereto and made a part hereof

Otto Ray Kietzman #1022316
Appellant Pro se

## Certificate

A True and Correct copy together witten Argument and authorites attached thereto have been delivered to the opposing party by u.s. mail to Lauren A. Scott, Paul Elizondo Tower, Third Floor, 101 N. Nueva, San Antonio, Tx 78205.

Otto Ray Kietzman #1022316
Appellant

## Conclusion

Appellant respectfully, prays that this Motion For Rehearing be granted, the original opinion be withdrawn and the case be reversed and dismissed or affirmed. The majority is handicapping applicant and futher aiding state by not requiring the state to plead laches at all, but then forcing the applicants to show, in yet another court, why his application should ... to filing a writ is being incarcerated, equity is clear not on the side of the applicant's. And to excuse the state from having to asscorts laches at all, which may show that an application should be dismissed, futher tips the balance. Exparte AL Letory Smith, S.W. 3d 2014 WL 4833903 Tex. Crim. App. Oct 1, 2014.

## Unsworn Declaration

I, Otto Ray Kietzman, #1022316 being presently incarcerated in the Bexar County Adult Detition Center, San Antonio, Texas declare under penalty of perjury that the foregoing instrument is true and correct.

Signed this the 26TH day of Febuary 2015.

Otto Ray Ketzman #1022316
Appellant

Otto Ray Kietzman #1023316
200 N. Comal
San Antonio TX 78207

San Antonio TX 782
Fri
FEB 27
2015

Court of Appeals
Fourth Court of Appeals District
300 Dolorosa, Suite 3200
San Antonio, Tx 78205